IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CANDICE L. POTS, | § | |
| | § | No. 507, 2017 |
| Respondent Below, | § | |
| Appellant, | § | |
| | § | Court Below: Family Court |
| v. | § | of the State of Delaware |
| | § | |
| DIVISION OF FAMILY SERVICES, | § | File No. 17-04-3TK |
| | § | Petition No. 17-11609 |
| Petitioner Below, | § | |
| Appellee. | § | |
| | § | |

Submitted: June 13, 2018
Decided: June 19, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## **O R D E R**

The issue in the case is whether the Family Court erred in some manner in terminating the appellant, Candice L. Pots',[1] parental rights. In determining whether to terminate parental rights in these circumstances, the Family Court was required to find, by clear and convincing evidence, a statutory basis for termination and that termination was in the child's best interest.[2] On appeal, Pots focuses on one issue in the Family Court's overall analysis, the statutory basis it found for termination: that

---

[1] The parties were assigned pseudonyms under Delaware Supreme Court Rule 7(d).
[2] *In Interest of Stevens*, 652 A.2d 18, 23 (Del. 1995).

Pots had failed "to plan adequately" for her daughter's "physical needs or mental and emotional health and development."[3]

But, unfortunately for Pots, the Family Court's determination that she failed to plan adequately for her daughter's needs was supported by the record. The Family Court determined that Pots, after two and one-half years of being supported by the Division of Family Services in the case planning process, was still unable to secure stable housing,[4] maintain her sobriety through the continued counseling required by her case plan,[5] and manage her daughter's behavioral challenges.[6] These findings were adequately grounded in the record, as was its overall conclusion that Pots' parental rights should be terminated.

---

[3] 13 *Del. C.* § 1103(a)(5).

[4] *DFS v. [Candice L. Pots] and [Nathan Mathis]* File No. 17-04-3TK, Pet. No. 17-11609 (Fam. Ct. Oct. 30, 2017) (ORDER), at 25 [hereinafter "DFS Order"] ("[Pots] lost her subsidized housing due to an Offensive Touching charge and relocated to Indiana with [Sadie's father]. She stated that she had nowhere else to go."); App. to Appellant's Opening Br. 145 (Termination of Parental Rights Hearing Tr. (Sept. 11, 2017)) (Pots is barred from applying for subsidized housing for the next five years because of the physical altercation that resulted in her eviction).

[5] DFS Order, at 25 ("[Pots] relapsed as recently as five (5) weeks prior to the September 11, 2017 Hearing. She testified that since then, she has quit using drugs 'cold turkey,' she is not receiving any current counseling, and is not participating in a 12 step program."); App. to Appellant's Opening Br. 67 (Case Plan) ("[Pots] will begin attending group sessions/NA meetings for her substance abuse addiction, as requested by her substance abuse provider."); *id.* at 52 (Pots' Mental Health Evaluation) (instructing Pots to participate in a 12-step program).

[6] DFS Order, at 7 ("DFS was concerned with [Pots'] ability to handle [Sadie's] behaviors."); *id.* at 19 (noting that Pots' visits with Sadie "did not go particularly well due to [her] inattentiveness to [Sadie] and [Sadie's] behavioral issues"); *id.* at 9 (discussing Pots' parent aide's testimony that Pots was "too nervous to discipline [Sadie]"); *id.* at 10 (discussing Pots' parent aide's testimony that she had to prompt Pots to "de-escalate [Sadie's] behavior" and that Pots was unable to implement behavior management techniques).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court dated October 30, 2017 is hereby AFFIRMED.

BY THE COURT:

/s/ Leo E. Strine, Jr.

Chief Justice